UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------------------------x

PRINCESA ORTEGA and NATHALIA GARCIA,
on behalf of themselves, and those similarly situated,


       v.

ZONI LANGUAGE CENTERS, INC. (d/b/a)
ZONI LANGUAGE CENTERS), ZONI
LANGUAGE CENTERS-FLUSHING, LLC,
(d/b/a ZONI LANGUAGE CENTERS)
 JULIO NIETO,

jointly and severally,


Defendants.

----------------------------------------------------------------------------------x

**No.:**

**PLAINTIFFS'
COLLECTIVE AND CLASS
ACTION COMPLAINT**

**WITH JURY DEMAND**

      Plaintiffs PRINCESA ORTEGA (hereinafter "Plaintiff Ortega"), NATHALIA GARCIA (hereinafter "Plaintiff Garcia") on behalf of themselves, and those similarly situated, upon personal knowledge as to herself and upon information and belief as to other matters, allege as follows:

## NATURE OF THE ACTION

      1.    This lawsuit seeks to recover unpaid minimum wage, overtime, unlawfully withheld overtime premium, and statutory penalties for notice-and-recordkeeping violations for Plaintiffs Ortega and Garcia all others similarly situated. Plaintiffs Ortega and Garcia are hourly employees, who have worked at Defendants' schools, corporately owned and doing business as Zoni Language Schools in New York and New Jersey.

      2.    Defendants have deprived Plaintiffs Ortega and Garcia, and their co-workers of minimum wage and overtime pay since at least on or about October 28, 2021 in violation of the Fair Labor Standards Act ("FLSA").

3.      Defendants have deprived Plaintiffs Ortega and Garcia of minimum wage, overtime pay and agreed commission since at least on or about October 28, 2018 in violation of the New York Labor Law ("NYLL") and/or the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.10 ("NJWPL").

4.      Defendants have violated notice-and-recordkeeping requirements by failing to provide statements along with wages listing the name of employee, name of employer, address and phone number of employer, rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other gross wages, deductions, allowances, if any, claimed as part of the minimum wage, and net wages. Defendants have further violated the requirement that they provide, upon employee request, explanations of how wages were calculated in violation of NYLL §195(3).

5.      In addition, Plaintiff Ortega brings claims for disparate pay under the New York City Human Rights Law ("NYCHRL") and NYLL 194.

6.      Plaintiffs Ortega and Garcia bring this action on behalf of themselves and similarly situated current and former employees who elect to opt-in to this action pursuant to 29 U.S.C. §§201 et seq. of the FLSA, and specifically, the collective action provision of 29 U.S.C. §216(b), to remedy violations of the wage-and-hour provisions of the FLSA.

7.      Plaintiffs Ortega and Garcia also bring this action on behalf of themselves and similarly situated current and former employees pursuant to Rule 23 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) to remedy violations of Article 6, §§190 et seq., and Article 19 §§650 et seq. of the NYLL and the supporting New York State Department of Labor regulations and/or the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.10 ("NJWPL").

## JURISDICTION AND VENUE

8.    Jurisdiction is proper as this Court has original federal question jurisdiction under 28 U.S.C. § 1331 since this case is brought under the FLSA, 29 U.S.C. §§201, *et seq.* This Court has supplemental jurisdiction over the NYLL claims, as they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

9.    As stated below Zoni Language Schools is an employer engaged in commerce as defined in the FLSA, 29 U.S.C. §203(s).

10.    Upon information and belief, Zoni Language School is subject to personal jurisdiction in the State of New York since its headquarters is located in New York County, State of New York.

11.    Venue is proper in this District because Defendants conduct business in this Judicial District, and many of the acts and/or omissions giving rise to the claims herein alleged took place in this District.

## THE PARTIES

### DEFENDANTS

12.    Defendant ZONI LANGUAGE CENTERS, INC.  is a New York Corporation doing business as Zoni Language Centers with approximately 10 locations in New York state, as well as locations in Florida and New Jersey. Specifically Zoni Language Centers operates schools in (1) Flushing, Queens; (2) Jackson Heights, Queens; (3) Elizabeth, New Jersey; (4) West New York, New Jersey; and (5) Manhattan, New York; (6) Brooklyn, New York;  (7) Passaic, New Jersey; (9) Newark, New Jersey; (10) Palisades, New Jersey; and (11) Miami, Florida; (12) Hempstead, New York; and (13) Port Chester, New York. Each location will hereinafter be referred to as a "campus".

13.     The Vice President of all the schools is Julio Nieto, who sets policies for all schools as well as determines employee schedules and pay practices as well as hiring and interviewing all potential candidates.

14.     All the locations and campuses were integrated and operated as a single business.

15.     In addition, each location or campus had a campus manager, who was also in charge of payroll.

16.     Personnel from each campus at various times were called by managers from other campuses to cover absent workers.

17.     Individual Defendant Jorge Nieto (hereinafter "Defendant Nieto") on information and belief is a resident of New Jersey. Defendant Jorge Nieto at all times relevant to this complaint has been the Vice President and overall manager of all Zoni Language Centers nationwide. As such he exercised control over Plaintiffs Ortega's and Garcia's schedule, pay, and working conditions and exercised the right to hire and fire Plaintiffs Ortega and Garcia, as well as that of the putative collective and class action members.

18.     Each Defendant jointly and severally employed Plaintiffs Ortega and Garcia at all times relevant to this complaint at one or more of their center's locations.  Each Defendant has had, individually and jointly, substantial control over Plaintiff Ortega's wages, hours and working conditions.

19.     Reference to Defendants throughout this complaint is to all Defendants, and some John Doe managers unless a particular defendant is specifically named.

20.     Defendants are part of a single integrated enterprise that jointly employed Plaintiffs Ortega and Garcia at all times relevant to this complaint, as the Defendants are engaged in activities performed for a common business purpose as defined by FLSA, 29 U.S.C. § 203(r).

21.    Upon information and belief, based on information provided by Plaintiffs Ortega and Garcia, employees of Defendants, Zoni Language Centers is an enterprise whose annual gross volume of sales made, or business done, is in excess of $500,000. Specifically, Zoni Language Centers are a popular language school chain on the Eastern seaboard with significant gross sales. As such, based on Plaintiffs Ortega's and Garcia's personal knowledge of Defendants' business, as well as upon information and belief, Defendants are an enterprise engaged in commerce as defined by 29 U.S.C. §203.

22.    Upon information and belief, as well as first-hand knowledge of Plaintiffs Ortega and Garcia, Defendant regularly conducted interstate business. Specifically, Zoni Language Centers has regularly accepted credit card payments debiting funds from out-of-state bank accounts and operates schools in New Jersey and Florida. Further Defendants operate in numerous states as a single integrated enterprise.  Defendants are covered employers within the meaning of the 29 U.S.C. §203(d) and NYLL §190 and the NJWPA and NJWHL.

23.    Upon information and belief, Defendants have had control over all employment practices at the campuses, including wages, scheduling and the hiring and firing of employees.

## PLAINTIFFS ORTEGA AND GARCIA

### Common Allegations

24.    For named Plaintiffs Ortega and Garcia whose individual factual allegations are stated below, (and except those specifically noted) the following common facts apply to each of the named Plaintiffs Ortega and Garcia, as well as all those similarly situated:

- At all times relevant, Defendants failed to provide Plaintiffs Ortega and Garcia with accurate wage statements or explanations of how her wages were calculated in violation of NYLL § 195(3) and/or N.J.S.A. 34:11-4.4.

- At all times relevant, Defendants have failed to pay Plaintiffs Ortega and Garcia in accordance with the minimum wage provisions of FLSA, 29 U.S.C. § 206 and NYLL § 652 and/or N.J.S.A. 34:11-56a4(a).

- At all times relevant, Defendants failed to pay Plaintiffs Ortega and Garcia at the overtime rate for all hours in excess of forty (40) hours per workweek, in violation of the overtime provisions of FLSA, 29 U.S.C. § 207 and NYLL §§650 *et seq.* and/or N.J.S.A. 34:11-56a4(b)(1) and regulations promulgated thereunder.

- At all times relevant, Defendants failed to pay Plaintiffs Ortega and Garcia commission earned as promised.

### Individual Factual Allegations

#### Princesa Ortega

25.    Plaintiff Princesa Ortega is an adult individual who is a resident of Teaneck, State of New Jersey.

26.    Plaintiff Ortega is a Hispanic woman and has at all times been perceived as an immigrant by Defendants.

27.    Plaintiff Ortega was employed as customer sales representative by Defendants from March 2019 to on or about November 27, 2023. Plaintiff Ortega worked at the following locations Flushing, Queens, Jackson Heights, Queens, Elizabeth, New Jersey, West New York, New Jersey, and Manhattan.

28.    Plaintiff Ortega was hired and interviewed by Defendant Vice President Julio Nieto, and Alejandra Restrepa in March 2019. She applied for the position of customer service

representative in Newark, New Jersey. When the position was filled she was offered instead to work in the restaurant.

29.    Upon her hire, Plaintiff Ortega was assigned work in the restaurant of the Manhattan location. She was offered $15 per hour. At this time she was not working more than forty hours per week.

30.    Thereafter beginning in April 2019, Plaintiff Ortega was hired as a customer service representative at various New York City campuses including the Jackson Heights campus, the Flushing campus and the Manhattan campus.

31.    Thereafter she worked at the Elizabeth, New Jersey location; and finally West New York, New Jersey, where she worked from January 4, 2021 to November 27, 2023.

32.    Plaintiff Ortega was assigned to work locations at Defendants' sole discretion.

33.    While working at each location at various times Plaintiff Ortega was assigned to fill in at other locations, including the Newark, New Jersey location.

34.    Further, establishing the integration of the operation of all the locations,  Plaintiff Ortega at various times was paid by checks indicating Flushing, New York and West New York, New Jersey campuses even as she performed all of her work at the West New York, New Jersey in the period from January 4, 2021 to November 27, 2023. In connection with such checks Plaintiff Ortega received two separate W2s.

35.    As a customer sales representative, Plaintiff Ortega was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

36.     As a customer service representative at all times from April 2019 to her unlawful termination on November 27, 2023, Plaintiff Ortega worked approximately 50 to 60 hours per week at all times relevant.

37.     Plaintiff Ortega was told at her hire that she would receive $15 per hour plus a sales based commission.

38.     From April 2019 to December 2022, Plaintiff Ortega was paid $15 per hour for her first forty hours per week worked and nothing for the additional ten to twenty hours she worked weekly.

39.     In addition, promised commission was withheld.

40.     In January 2023, Plaintiff Ortega learned that others doing her job were earning much more than she. She requested a raise and received $17 per hour plus a sales-based commission.

41.     From January 2023 to her unlawful termination in November 2023, Plaintiff Ortega was paid $17 per hour for her first forty hours per week worked and nothing for the additional ten to twenty hours she worked weekly.

42.     Plaintiff Ortega, and all customer service representatives, were informed by Defendant Nieto and other managers that she was required to meet quotas or goals for a minimum number of students they were required to sign up every two weeks.

43.     Plaintiff Ortega, and all customer service representatives, were paid only for at most 40 hours per week even as they received a workload that required them to work for excess of 40 hours per week.

44.     Defendants paid Plaintiff Ortega, and all customer service representatives, for

their scheduled shifts, while actually requiring them to work longer hours in order to meet their quotas.

45.    Thus Plaintiff Ortega was never paid for her actual hours worked.

46.    Plaintiff Ortega, and all customer service representatives, were told that should they not meet quotas or goals they would face discipline up to and including termination. Plaintiff Ortega and other customer service representatives were apprised of these conditions circulated by Human Resources from Defendant Nieto that stated that they would lose commission and otherwise be subject to discipline.

47.    Plaintiff Ortega, and all customer service representatives, received no pay whatsoever for all their hours worked in excess of 40 per week.

48.    Plaintiff Ortega, and all customer service representatives, received no minimum wage for this time "off the clock" or properly off the schedule.

49.    Plaintiff Ortega, and all customer service representatives, received no overtime pay for this time "off the clock" or properly off the schedule.

50.    Schedules were circulated every three to four months by the manager and approved by Defendant Nieto.

51.    These schedules did not show hours in excess of  40 per week but these schedules did not reflect the actual hours worked. Plaintiff Ortega and other customer service representatives had to stay long past their scheduled end time.

52.    Starting in 2020 to May 2023, on a daily basis Plaintiff Ortega would report all her actual hours to Liliana Munoz by email. These messages showed that Plaintiff Ortega was working 3 to 4 hours  in excess of her schedule per day.

53.    Starting in May 2023 Plaintiff Ortega was required to report officially 20 hours to the Flushing office and officially 20 hours to the West New York, New Jersey office.

54.    Starting in May 2023 Monday and Tuesday Plaintiff Ortega punched her hour.

55.    Defendants did keep a time clock but when Plaintiff Ortega's hours appeared to be going over 40 per week, manager Mr. Hera would tell Plaintiff Ortega not to punch in.

56.    Starting in May 2023 Wednesday, Thursday, Friday and sometimes Saturday Plaintiff Ortega would report her hours to Defendant Munoz.

57.    Regardless of how many hours were reported, Plaintiff Ortega was paid for 20 hours from each location only.

58.    Indeed Plaintiff Ortega was told that Zoni did not pay overtime, that she would not be paid for more than 40 hours a week and that if she needed to work time in excess of 40 hours per week to meet quotas that she would not be compensated.  Plaintiff Ortega was told this by Defendant Nieto.

59.    This statement by Mr. Nieto reflected Zoni's official policy and practice.

60.    At various times Mr. Hera called Plaintiff Ortega and told her that she went over 40 hours per week and would promise her that she would work less the following week. However, Plaintiff Ortega continued to work the same amount of time the following week and received no additional pay.

61.    Further at various times Plaintiff Ortega was eligible to receive commission according to the commission policy then in force and was informed that she was not going to receive commission as agreed and to which she was entitled. Defendant Nieto at various times informed Plaintiff Ortega of this as he had ultimate authority over all commission payments.

**Plaintiff Ortega's Disparate Pay Claims**

62.     In addition to the deprivation of minimum wage and overtime suffered by Plaintiff Ortega, she was also subjected to disparate pay because of her perceived immigration status for the entirety of her tenure

63.     Plaintiff Ortega was paid $3 less per hour than other workers of perceived different immigration status performing the same work.

64.     The higher paid individuals were not more qualified, experienced or educated than Plaintiff Ortega. In fact Plaintiff Ortega was a top performer for the company.

65.     This pay disparity cannot be explained by (a) a seniority system, (b) a merit system, (c) a system that measures earnings by quantity or quality of production, or (d) any bona fide factor other than sex.

66.     As a result of Defendants acts in violation of the NYLL 194 and NYCHRL Plaintiff suffered lost wages, as well as emotional distress.

**<u>Nathalia Garcia</u>**

67.     Plaintiff Nathalia Garcia is an adult individual who is a resident of Queens, State of New York.

68.     Plaintiff Garcia is a Hispanic woman and has at all times been perceived as an immigrant by Defendants.

69.     Plaintiff Garcia was employed as customer sales representative by Defendants from April 2021 to on or about November 20, 2022. Plaintiff Garcia worked at the locations in Flushing, Queens, and Jackson Heights, Queens.

70.     Plaintiff Garcia was hired and interviewed by Defendant Vice President Julio Nieto, and Alejandra Restrepa in April 2021. She applied for the position of customer service representative in Jackson Heights, Queens.

71.     Thereafter beginning in April 2021, Plaintiff Garcia was hired as a customer service representative at New York Campuses in Jackson Heights, Queens and occasionally in Flushing, Queens.

72.     Plaintiff Garcia was assigned to work locations at Defendants' sole discretion.

73.     As a customer sales representative, Plaintiff Garcia was a covered employee as defined by FLSA, 29 U.S.C. § 203(e) and NYLL § 190; and is not exempt by FLSA, 29 U.S.C. § 213.

74.     As a customer service representative at all times from April 2021 to her last day on November 20, 2023, Plaintiff Garcia worked approximately 50 to 55 hours per week at all times relevant.

75.     Plaintiff Garcia would punch her hours in both Jackson Heights, Queens and Flushing, Queens.

76.     Defendants did keep a time clock but when Plaintiff Garcia's hours appeared to be going over 40 per week, manager Mr. Hera would erase hours over 40 hours per week. Plaintiff Garcia was told at her hire that she would receive $15 per hour plus a sales based commission.

77.     From April 2021 to November 20, 2022, Plaintiff Garcia was paid $15 per hour for her first forty hours per week worked and nothing for the additional ten to twenty hours she worked weekly.

78.     She was also deprived of agreed commission.

79.      In or around May 2022, Plaintiff Garcia learned that others doing her job were earning much more than she. Plaintiff Garcia spoke to and emailed her manager, Mercedes Tavarez, about her pay but nothing was done to resolve the issue.

80.      Thereafter, Plaintiff Garcia was promised an interview for a Design School Officer position. She was never called for an interview and was never given an explanation.

81.      On November 20, 2022, Plaintiff Garcia left her job due to the unlawful pay practices.

## FLSA COLLECTIVE ACTION ALLEGATIONS

82.      Named Plaintiffs Ortega and Garcia bring their first and second claims for relief as a collective action under Section 16(b), 29 U.S.C. § 216(b) of the FLSA on behalf of all hourly workers employed by Defendants at Zoni language Schools between on or October 29, 2021 and the date of final judgment in this matter that elect to opt-in to this action. Such Plaintiffs are hereinafter referred to as the "FLSA Collective Plaintiffs."

83.      Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully within the meaning of FLSA, 29 U.S.C. § 216.

84.      At all times relevant to this complaint, and upon information and belief, Plaintiffs Ortega and Garcia and the FLSA Collective Plaintiffs are and/or have been similarly situated, and have had substantially similar compensation provisions. Thus, the claims of Plaintiffs Ortega and Garcia are essentially the same as those of the FLSA Collective Plaintiffs.

85.      Named Plaintiffs Ortega and Garcia and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay them in accordance with minimum wage requirements in violation of FLSA, 29 U.S.C. § 206.

86.     Named Plaintiffs Ortega and Garcia and the FLSA Collective Plaintiffs have been subject to Defendants' policies and practices of willfully failing to pay overtime at a rate of one and a half times their hourly rate for hours worked in excess of forty (40) per workweek in violation of FLSA, 29 U.S.C. § 207.

87.     For notice and all other purposes related to claims brought under FLSA, 29 U.S.C. § 216(b), the names and addresses of the FLSA Collective Plaintiffs are available from Defendants' records. Notice can be provided via first class mail to the last address known to Defendants for each of the FLSA Collective Plaintiffs.

## RULE 23 CLASS ALLEGATIONS

88.     **Class Definition:** Plaintiffs Ortega and Garcia bring their first, second, third, fourth, fifth, seventh, ninth and tenth claims for relief pursuant to Rule 23 of the Fed. R. Civ. P., on behalf of all hourly workers employed by Defendants at Zoni Language Schools in New York and/or New Jersey, between the limitation period and the date of final judgment in this matter.

89.     **New York SubClass:** All such persons employed in New York for any or all of their tenure in the relevant period, shall hereinafter be referred to, with respect to the weeks they worked in New York," as the " New York SubClass," represented by Plaintiffs Ortega and Garcia.

90.     **New Jersey SubClass:** All such persons employed in New Jersey for any or all of their tenure in the relevant period, shall hereinafter be referred to, with respect to the weeks they worked in New Jersey,  as the " New Jersey SubClass," represented by Plaintiff Ortega.

91.      **The Identity of Subclass Members Are Readily Ascertainable**: The SubClass members are readily ascertainable since the identity, addresses, time records, work schedules, positions and rates of pay for each SubClass member are determinable from the Defendants'

records that were required to have been kept under FLSA, and the NYLL and NJWPA. Notice can be provided pursuant to Rule 23 of the Fed. R. Civ. P.

92.    **Numerosity:** Joinder of all members of each SubClass is impracticable since, upon information and belief, there are more SubClass members than 40. The exact number of each SubClass members is presently unknown to Plaintiffs since all facts and records necessary for precise calculation are in the sole possession and control of the Defendants. Because of the foregoing, it will benefit the parties to address their claims as two SubClasses.

93.    **Typicality of the New York Subclass:** The Plaintiffs Ortega's and Garcia's claims are typical of those claims which could be alleged by any member of the New York SubClass. The relief sought by Plaintiffs Ortega and Garcia are typical of the relief which would be sought by each member of the New York SubClass in separate actions. All New York SubClass members were subject to the same policies and practices alleged herein including Defendants' failure to pay minimum wages, failure to pay overtime, and failure to provide wage statements and notices. The aforesaid policies and practices of Defendants similarly affect all New York SubClassmembers. Plaintiffs Ortega and Garcia and all New York SubClass members have sustained similar injuries and damages as a result of Defendants' unlawful acts and/or omissions.

94.    **Typicality of the New Jersey Subclass:** The Plaintiff Ortega's claims are typical of those claims which could be alleged by any member of the New Jersey SubClass. The relief sought by Plaintiff Ortega is typical of the relief which would be sought by each member of the New Jersey SubClass in separate actions. All New Jersey SubClass members were subject to the same policies and practices alleged herein including Defendants' failure to pay minimum wages, failure to pay overtime, and failure to provide wage statements and notices. The aforesaid policies and practices of Defendants similarly affect all New Jersey SubClass members. Plaintiffs Ortega

and New Jersey SubClass members have sustained similar injuries and damages as a result of Defendants' unlawful acts and/or omissions.

95.    **Adequacy of Representation:** Plaintiffs Ortega and Garcia are fit to fairly and competently represent and protect the interests of the SubClasses.  For the purposes of this action, Plaintiffs Ortega and Garcia have no interests that conflict with those of the SubClasses. Plaintiff Ortega's and Garcia's attorneys have considerable experience in the field of employment litigation as well as class action litigation.

96.    **Superiority of the Class Mechanism:** Disposition of Plaintiff Ortega's and Garcia's claims as a class action with two SubClasses is superior to any other available means of adjudication for the foregoing reasons:

- Class members are low-wage workers who individually lack the necessary resources to effectively litigate against a corporate Defendant;

- A class action is in the interests of judicial economy as individual litigation would result in the expenditure of considerable public resources;

- Injuries suffered by each Class member individually are small in comparison to the cost of individual litigation, dissuading and precluding redress of their claims;

- The claims shared by Class members involve important public policy interests that would otherwise go unaddressed due to aforesaid barriers to and limitations of individual litigation, and;

- A class action will provide anonymity for those Class members whose fear of retaliation would otherwise dissuade them from asserting their rights.  Upon information and belief, some Class members are still employed by Defendants.

97.    **Commonality of the New York SubClass:** Questions of law and fact are common to all New York SubClass members and predominate over those of any individual New York SubClass member, including:

- Whether Plaintiffs Ortega and Garcia and Class members were paid minimum wages under the NYLL for all hours worked in New York or if Defendants engaged in an off the clock practice of failing to pay Plaintiffs and members ;

- Whether Plaintiffs Ortega and Garcia and Class members were paid the required overtime rate of one and one half times their hourly rate for all hours worked in New York in excess of (40) per workweek under the NYLL;

- Whether Defendants complied with the record-keeping requirements of NYLL;

- Whether Defendants had any method to keep track of the hours Plaintiff Ortega and Class members worked;

- Defendants' practice and policy of paying no overtime and requiring Plaintiff Ortega  and Class members to  work hours outside of their schedule.

- Defendants' practice and policy of depriving Plaintiffs Ortega and Garcia and Class members of commissions earned under the NYLL.

- Defendants practice and policy of willfully violating Plaintiffs Ortega and Garcia and Class members rights under the NYLL

98.    **Commonality of the New Jersey SubClass:** Questions of law and fact are common to all  New Jersey SubClass members and predominate over those of any individual New Jersey   SubClass member, including:

- Whether Plaintiff Ortega and Class members were paid minimum wages under the NJWPL, NJWTPA for all hours worked in New Jersey or if Defendants engaged in an off the clock practice of failing to pay Plaintiffs and members ;

- Whether Plaintiff Ortega and Class members were paid the required overtime rate of one and one half times their hourly rate for all hours worked in New Jersey in excess of (40) per workweek under the NYLL;

- Whether Defendants complied with the record-keeping requirements of the NJWPL, NJWTPA;

- Whether Defendants had any method to keep track of the hours Plaintiff Ortega and Class members worked;

- Whether Plaintiff Ortega and Class members were afforded the required break time required under NJWPL, NJWTPA.

- Defendants' practice and policy of paying no overtime and requiring Plaintiff Ortega and Class members to work hours outside of their schedule.

- Defendants' practice and policy of depriving Plaintiff Ortega and Class members of commissions earned under the NJWPL, NJWTPA.

**CLASSWIDE FACTUAL ALLEGATIONS**

99.    Defendants committed the acts alleged in this complaint knowingly, intentionally and willfully.

100.    Defendants knew that the nonpayment of minimum wage and overtime would economically injure Plaintiffs and violate federal, New York and New Jersey State laws.

101.    Plaintiffs Ortega and Garcia and Class members regularly worked in excess of forty (40) hours per workweek.

102.    Defendants unlawfully failed to pay Plaintiffs Ortega and Garcia in accordance with minimum wage requirements of federal and state law.

103.    Defendants failed to provide Plaintiffs Ortega and Garcia and Class members with an accurate statement with each payment of wages as required by §195 *et seq.* of the NYLL.

104.    Defendants unlawfully failed to pay Plaintiffs Ortega and Garcia and Class members at the overtime rate as provided by the NYLL and N.J.S.A for all hours in excess of forty (40) in a workweek.

105.    Defendants violated NYLL § 195(3) by failing to furnish Plaintiffs Ortega and Garcia with an accurate statement with every payment of wages, listing gross wages, deductions and net wages.  In addition, Defendants failed to furnish an explanation of how such wages were computed when Plaintiffs Ortega and Garcia requested such an explanation.

106.    Defendants regularly failed to pay Plaintiffs Ortega and Garcia and Class members commissions earned.

## FIRST CLAIM FOR RELIEF

**(FLSA Minimum Wage Claim, 29 U.S.C. §§ 201 *et seq.,* Brought by Plaintiffs Ortega and Garcia on Behalf of Themselves and the FLSA Collective Plaintiffs)**

107.    Plaintiffs Ortega and Garcia, on behalf of themselves and the FLSA Collective Plaintiffs  repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

108.    At all times relevant, each Defendant has been, and/or continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of FLSA, 29 U.S.C. § 203.

109.    At all times relevant, Defendants employed Plaintiffs Ortega and Garcia and FLSA Collective Plaintiffs as "employees" within the meaning of FLSA, 29 U.S.C. § 203.

110.    Defendants were required to pay Plaintiffs Ortega and Garcia and the FLSA Collective Plaintiffs at a rate not less than the minimum wage rate under the FLSA for all hours worked.

111.    Upon information and belief, Defendants knowingly failed to pay Plaintiffs Ortega and Garcia and the FLSA Collective Plaintiffs the required minimum wage under the FLSA for each hour worked.

112.    Plaintiffs Ortega and Garcia, on behalf of themselves and the FLSA Collective Plaintiffs seek damages for their unpaid compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs, along with such other relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF

**(FLSA Overtime Claim, 29 U.S.C. § 201 *et seq.* Brought by Plaintiffs Ortega and Garcia on Behalf of Themselves and the FLSA Collective Plaintiffs)**

113.    Plaintiffs Ortega and Garcia, on behalf of themselves and the FLSA Collective Plaintiffs, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

114.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Plaintiffs Ortega and Garcia and other FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek.

115.    At all times relevant, and upon information and belief, defendants have repeatedly and willfully failed to pay the named Plaintiffs Ortega and Garcia and the FLSA Collective

Plaintiffs in accordance with the overtime provisions of the FLSA for work performed in excess of forty (40) hours per workweek.

116.    Plaintiffs Ortega and Garcia, on behalf of themselves and the FLSA Collective Plaintiffs seek and are entitled to recover damages for their unpaid overtime compensation, liquidated damages as provided by the FLSA, attorneys' fees and costs along with such other relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF

**(New York State Minimum Wage Act Claim, NYLL Article 19 §§ 650 *et seq.,* Brought by Plaintiffs Ortega and Garcia on Behalf of Themselves and the New York SubClass)**

117.    Plaintiffs Ortega and Garcia, on behalf of herself and those similarly situated, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

118.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants knowingly paid Plaintiffs Ortega and Garcia and the New York SubClass members less than the minimum wage as required by NYLL and the supporting regulations of the New York State Department of Labor.

119.    Defendants did not pay the minimum wage for all hours worked by Plaintiffs Ortega and Garcia and New York SubClass members.

120.    Upon information and belief, Defendants' failure to pay Plaintiffs Ortega and Garcia and the New York SubClass members the minimum wage was willful within the meaning of the NYLL.

121.    Plaintiffs Ortega and Garcia and the New York SubClass members seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees,

costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## FOURTH CLAIM FOR RELIEF

**(New York State Minimum Wage Act - Overtime Claim, NYLL § 650 *et seq.*, Brought by Plaintiffs Ortega and Garcia on Behalf of Themselves and the New York SubClass)**

122.    Plaintiffs Ortega and Garcia, on behalf of themselves and those similarly situated, repeat, reallege and incorporate each and every preceding paragraph as if set forth fully herein.

123.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants willfully and repeatedly failed to pay Plaintiffs Ortega and Garcia and the New York SubClass members at the overtime rate for hours worked in excess of forty (40) hours per workweek as required by NYLL.

124.    Plaintiffs Ortega and Garcia and the New York SubClass members seek and are entitled to recover their respective unpaid compensation, damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

125.    Plaintiffs Ortega and Garcia and the New York SubClass members have been damaged in an amount as yet determined, plus liquidated damages.

## FIFTH CLAIM FOR RELIEF

**(Notice-and-Recordkeeping Requirements, NYLL § 195(3), Brought by Plaintiffs Ortega and Garcia on Behalf of Themselves and the New York SubClass)**

126.    Plaintiffs Ortega and Garcia, on behalf of themselves and those similarly situated, repeat, reiterate, and incorporate each and every preceding paragraph as if set forth fully herein.

127.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants have failed to provide Plaintiffs Ortega and Garcia and the New York SubClass members with accurate wage statements of their actual hours worked in violation of NYLL § 195(3).

128.    Plaintiffs Ortega and Garcia and the New York SubClass members have been damaged in an amount as yet determined, plus liquidated damages.

## SIXTH CLAIM FOR RELIEF

**(Unlawful Discrimination in Violation of the NYCHRL Based On Perceived Immigration Status, Brought by Plaintiff Ortega an Behalf of Herself)**

129.    Plaintiffs Ortega repeats and realleges all the allegations in this complaint and specifically allegations as if set forth fully herein.

130.    Based on those allegations, Defendants discriminated against Plaintiff Ortega on the basis of her  perceived immigration status by subjecting her  to disparate pay because of her perceived immigration status or national origin.

131.    Due to Defendants' violation of the New York City Human Rights Law, Plaintiff Ortega is entitled to recover from Defendants damages in a sum to be determined by a jury.

## SEVENTH CLAIM FOR RELIEF

**(Failure To Pay Agreed Wages Claim, NYLL Article 19 §§ 191 *Et Seq.,* Brought by Plaintiffs Ortega and Garcia on Behalf of Themselves and the New York SubClass)**

132.    Plaintiffs Ortega and Garcia on behalf of herself and those similarly situated, repeats, realleges, and incorporates each and every preceding paragraph as if set forth fully herein.

133.    Throughout the period covered by the applicable statute of limitations, Defendants were required to pay Plaintiffs Ortega and Garcia and the New York SubClass members promised commission and failed to do so.

134.    Defendants unlawfully withheld Plaintiffs Ortega and Garcia and the New York SubClass members' commission as described herein thus failing to pay Plaintiffs Ortega and Garcia and the New York SubClass members their agreed upon wages.

135.    Defendants' failure to pay Plaintiffs Ortega and Garcia and the New York SubClass members their agreed upon wages was willful within the meaning of the NYLL.

136.    Plaintiffs Ortega and Garcia and the New York SubClass members seek to recover their unpaid compensation, liquidated damages pursuant to NYLL, Article 6, § 198, attorneys' fees, costs, pre- and post-judgment interest along with such other relief as this Court deems just and proper.

## EIGHTH CLAIM FOR RELIEF

**(Pay Disparity Pursuant To NYLL 194(1) Brought by Plaintiff Ortega on Behalf of Herself)**

137.    Plaintiffs Ortega hereby repeats and realleges each and every allegation in the preceding paragraphs as if set forth fully herein.

138.    Throughout the period covered by the applicable statute of limitations and upon information and belief, Defendants subjected Plaintiff Ortega to disparate pay on the basis other perceived immigration status by paying Plaintiff Ortega a lesser rate of pay than that paid to a person of a different perceived immigration status, performing similar work, which required similar skill, effort, and responsibility, and under the same working conditions and at the same establishments or establishment within the same state receiving more than $3 per hour more than Plaintiff Ortega.

24

139.    The pay discrepancy between Plaintiff Ortega and others of different perceived immigration status cannot be accounted for by a seniority system; (b) a merit system; or (c) any factor other than sex or any bonafide factor other than perceived immigration status

140.    Plaintiff Ortega seeks to recover her unpaid compensation, and treble damages pursuant to the NYLL, attorneys' fees, costs, pre-and post-judgment interest along with such other relief as this Court deems just and proper.

## NINTH CLAIM FOR RELIEF

**(NJWHL Minimum Wage and Overtime Pay Violations Brought by PlaintiffOrtega on Behalf of Herself and the New Jersey SubClass )**

141.    Plaintiffs Ortega, on behalf of herself, re-alleges and incorporates by reference the allegations contained in the paragraphs above as if fully set forth herein.

142.    The NJHWL, N.J. Stat. Ann. § 34:11-56a4(a), entitles employees to an amount equal to or greater than the minimum wage for all hours worked.

143.    The NJHWL, N.J. Stat. Ann. § 34:11-56a4(b), requires employers to pay employees an overtime premium at a rate of "not less than 1 and a half times such employee's regular hourly rate for each hour of working time in excess of 40 hours in any week."

144.    While the "regular hourly rate" is typically based on the rates actually paid to the employee, that rate, of course, cannot be less than the applicable statutory minimum wage for the work performed.

145.    Plaintiffs Ortega's and the New Jersey SubClass's "regular hourly rate" for purposes of calculating overtime compensation under the NJWHL was the higher of the state minimum wage, the federal minimum wage and the regular rate based on commissions paid in

that week for all worked, or for all hours worked by Plaintiff Ortega and the New Jersey SubClass while in New Jersey.

146.    Plaintiff Ortega and the New Jersey SubClass are not exempt under state law from an entitlement to minimum wages or overtime pay.

147.    As described herein, Plaintiff Ortega and New Jersey SubClass earned less than the state minimum wage for all hours worked or for all hours worked by Plaintiff Ortega and the New Jersey SubClass while in New Jersey.

148.    Plaintiff Ortega and the New Jersey SubClass also worked in excess of forty (40) hours per week, and Defendants unlawfully failed to pay Plaintiff Ortega and the New Jersey SubClass full and proper overtime wages for all hours worked in excess of forty per week, or for all hours worked in excess of forty per week by Plaintiff Ortega and the New Jersey SubClass while in New Jersey because Defendants unlawfully treated Plaintiffs Ortega and the New Jersey SubClass exempt from overtime pay.

149.    As a result of these violations, Defendants are liable for unpaid minimum and overtime wages, interest, liquidated damages equal to 200% of the unpaid wages, and attorneys' fees and costs (with appropriate fee enhancements), as well as further relief as described below.

## TENTH CLAIM FOR RELIEF

### (NJWPL, N.J.S.A. § 34:11-4.1(c) By Plaintiff Ortega on Behalf of Herself and the New Jersey SubClass)

150.    Plaintiff Ortega on behalf of herself, reallege and incorporate by reference the allegations contained in the paragraphs above as if fully set forth herein.

151.    The NJWPL provides employees a private right of action for violations of the NJWHL and other state wage and hour laws. N.J.S.A. § 34:11-4.10(c).

152.    As described herein, Defendants violated the NJWPL by failing to pay Plaintiff Ortega and the New Jersey SubClass minimum wages for all hours worked or for all hours worked by Plaintiff Ortega and the New Jersey SubClass while in New Jersey, as well as overtime wages for each hour worked over forty (40) in a workweek as required by the NJWHL for all hours worked in excess of forty per week, or for all hours worked in excess of forty per week by Plaintiff Ortega and the New Jersey SubClass while in New Jersey.

153.    Defendants' violation of the NJWPL was not an inadvertent error made in good faith; nor were there any reasonable grounds for belief that Defendants' actions were not a violation of the NJWHL and the NJWPL. Rather, in flagrant disregard of New Jersey law, Defendants made no attempt to pay Plaintiff Ortega and the New Jersey SubClass the minimum and overtime wages required by state law for all hours worked or for all hours worked by Plaintiff Ortega and the New Jersey SubClass while in New Jersey, despite having knowledge of these legal mandates.

154.    Pursuant to N.J.S.A. § 34:11-4.10(c), employers such as Defendants, who fail to pay employees wages in conformance with state law, shall be liable to the employees for the unpaid wages, liquidated damages equal to 200% of the unpaid wages, plus court costs, expenses, and attorneys' fees incurred.

## **RELIEF SOUGHT**

**WHEREFORE**, Plaintiffs Ortega and Garcia, on behalf of themselves and the FLSA Collective Plaintiffs and the Subclasses for New York and New Jersey, request relief as follows:

A. Designation of this action as a collective action for the purposes of the claims brought on behalf of the FLSA Collective Plaintiffs along with prompt issuance of opt-in notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the opt-in class;

B.  Designation of Plaintiffs Ortega and Garcia as representatives of the FLSA Collective Plaintiffs;

C.  Designation of this action as a class action pursuant to Rule 23 of the Fed. R. Civ. P. and NJWHL and the NJWPL for the purposes of the claims brought on behalf of the New Jersey SubClass members;

D.  Designation of Plaintiffs Ortega as representative of the New Jersey SubClass

E.  Designation of this action as a class action pursuant to Rule 23 of the Fed. R. Civ. P. and the NYLL for the purposes of the claims brought on behalf of the New York SubClass members;

F.  Designation of Plaintiffs Ortega and Garcia as representatives of the New York SubClass.

G.  An order declaring that Defendants violated the FLSA in the manners stated in this complaint;

H.  An order declaring that Defendants' violations of the FLSA were willful;

I.  An order declaring that Defendants violated the NYLL and/or the NJWPA and the NJWHL in the manners stated in this complaint;

J.  An order declaring that Defendants' violations of the NYLL and/or the NJWPA and the NJWHL were willful;

K.  An award of overtime compensation under the FLSA and NYLL and/or the NJWPA and the NJWHL;

L.  An award of minimum wage compensation under the FLSA and NYLL and/or the NJWPA and the NJWHL;

M.  An award of liquidated damages pursuant to the FLSA and the NYLL and/or the NJWPA and the NJWHL, including treble liquidated damages under NYLL 194;

N.  An award of damages for violations of NYLL and/or the NJWPA and the NJWHL;

O.  All relief pursuant to NYC Human Rights Law for the Perceived Immigration Plaintiff Ortegas' emotional distress and compensatory damages;

P.  An award of damages for violations of NYCHRL;

Q.  All penalties available under the applicable laws;

R.  Attorneys' fees pursuant to 29 U.S.C. § 216, NYLL § 663, NYLL § 194(1) the NJWPA and the NJWHL and all other applicable statutes;

S.  Interest as provided by law; and

T.  Such other relief as this Court deems just and proper.

## JURY TRIAL

Plaintiffs Ortega and Garcia on behalf of themselves and the FLSA Collective Plaintiffs and the Subclasses for New York and New Jersey demand a jury trial for all causes of action and claims for which she has a right to a jury trial.

Dated: Brooklyn, New York
       October 29, 2024

Respectfully submitted,

JULIEN MIRER & ASSOCIATES, PLLC

/s/ Ria Julien

_____

By: Ria Julien
*Attorney for Plaintiff Ortega*
300 Cadman Plaza West, 12th Floor
Brooklyn, NY 11201
(212) 231-2235
rjulien@julienmirer.com

29