# JULIEN MIRER & ASSOCIATES, PLLC

ATTORNEYS AT LAW
300 CADMAN PLAZA WEST,
12TH FLOOR
BROOKLYN, NEW YORK 11201

JEANNE MIRER

TELEPHONE: (212) 231-2235

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2025

> A telephone conference in this matter to discuss the parties' discovery dispute is hereby scheduled for **Monday, April 28, 2025 at 12:00 p.m.** The parties are directed to call Judge Parker's court conference line at the scheduled time. **Please dial (646) 453-4442, ID: 449 735 564#.**

SO ORDERED:

*Katharine H. Parker*   4/17/2025
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

*Filed Via ECF*
Honorable Magistrate Judge Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 17D
New York, NY 10007-1312

Re: *Ortega et al v. Zoni Language Centers, Inc. et al*
Case Number: 1:24-cv-08223(DEH) (KHP)

Dear Magistrate Judge Parker,

The undersigned counsel represents Plaintiffs in the above-captioned action. Plaintiffs write to the Court requesting a discovery conference to address a discovery dispute pursuant to Your Honor's individual rules. Exhibit A.

On March 13, 2025, Plaintiffs transmitted a copy of Your Honor's Model Confidentiality Order with a request that Defendants agree to adopt this order.  Defendants did not agree to any proposed confidentiality order. Due to the sensitive nature of the records being requested and exchanged, including personnel files of Plaintiffs and potential class members,  Plaintiffs need assurances that the exchanged documents will be used only for the purpose of litigation and no other purpose. Defendants are well aware of potential consequences to Plaintiffs of discovery being used for purposes outside of the prosecution and defense of this case, and Plaintiffs should not have to face disclosure of confidential and personnel records in order merely to recover their wages. Courts have found employee personnel files to be the type of information subject to a protective order.  See *Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 71-72 (S.D.N.Y. 2010). (In a class action employment discrimination case, the Court granted a protective order for the contents of employee personnel files, which included "...termination and disciplinary records, immigration records, banking information, compensation information and employment applications -- like medical records, child support documents, attachment orders and criminal

1

conviction records." The Court reasoned that such records often implicate privacy concerns and have the potential to embarrass the subject employee if revealed.)

On April 03, 2025, at a telephonic meet and confer, the parties again discussed entering a confidentiality order, and Defendants maintained their position. Plaintiffs do not believe that Defendants are correct in resisting a confidentiality order.

Plaintiffs request a conference with the court to resolve this issue.

                                                   Respectfully submitted,

                                                   */s/ Ria Julien*
                                                   Ria Julien
                                                   Jeanne Mirer
                                                   300 Cadman Plaza West, 12th Floor
                                                   Brooklyn, New York 11201
                                                   *Attorneys for Plaintiffs*

# EXHIBIT A

Revised May 21, 2019

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
                                              :
XXXXXXXXXX,                                   :       XX CIV XXXX  (XXX) (XXX)
                                              :
              Plaintiff(s),                   :
                                              :
                                              :       STIPULATION AND PROPOSED
      against                                 :           PROTECTIVE ORDER
                                              :
XXXXXXXXXX                                    :
              Defendant(s).                   :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
```

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

1. Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

2. The Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with the action.

3. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. The parties should meet and confer if any production requires a designation of "For Attorneys' or Experts' Eyes Only." All other documents designated as

"CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The requesting party and counsel, including in-house counsel;
    b. Employees of such counsel assigned to and necessary to assist in the litigation;
    c. Consultants or experts assisting in the prosecution or defense of the matter, to the extent deemed necessary by counsel; and
    d. The Court (including the mediator, or other person having access to any Confidential Information by virtue of his or her position with the Court).

5. Prior to disclosing or displaying the Confidential Information to any person, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

6. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

8. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored

        information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).  Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

9. Notwithstanding the designation of information as "confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal.  The parties shall follow the Court's procedures with respect to filing under seal.

10. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

11. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

SO STIPULATED AND AGREED.

_____           _____

Dated:                                                                  Dated:

SO ORDERED.

                                                      _____
                                                      KATHARINE H. PARKER, U.S.M.J.

Dated:        New York, New York

_____

**Agreement**

    I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

    I hereby agree that I will not disclose any information contained in such documents to any other person. I further agree not to use any such information for any purpose other than this litigation.

DATED:

_____

Signed in the presence of:

_____

(Attorney)