# JULIEN MIRER & ASSOCIATES, PLLC

ATTORNEYS AT LAW
300 CADMAN PLAZA, 12TH
FLOOR
BROOKLYN, NEW YORK, 11201

JEANNE MIRER                    TELEPHONE: (212) 231-2235                    RIA JULIEN

November 13, 2025

*Filed Via ECF*

Honorable Magistrate Judge Katharine H. Parker
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Courtroom 17D
New York, NY 10007-1312

Re: *Ortega et al v. Zoni Language Centers, Inc. et al*
Case Number: 1:24-cv-08223(DEH) (KHP)

Dear Magistrate Judge Parker,

Plaintiffs and Defendant by their attorneys respectfully submit this letter motion to approve the proposed settlement agreement. A copy of the Proposed Settlement Agreement is attached as Exhibit "I."

**PLAINTIFFS' ALLEGATIONS**

Plaintiffs are two former employees of Defendants Zoni Language Centers, Inc and Zoni Language Centers-Flushing, LLC *(Defendants hereafter collectively, the "Employer")*. Plaintiff Ortega worked for the Employer from March 2019 through November 2023. Plaintiff Garcia worked for Defendants from April 2021 until November 2022.

Plaintiffs by this action bring claims under federal and NY and NJ state wage laws alleging that Plaintiffs were improperly paid for hours worked.

**DEFENDANTS' RESPONSE**

Defendants deny the allegations made by Plaintiffs. Defendants assert that Plaintiffs were paid properly for all time worked.

I.     **Procedural History**

The Parties met with Your Honor on October 16, 2025, for a settlement conference at which the matter was resolved for sixty-seven thousand five hundred dollars ($67,500.00) inclusive

of all alleged wages, liquidated damages and attorneys' fees. ("Settlement Amount") Defendants shall pay the Settlement Amount in accordance with the term sheet executed by the Parties. The Settlement Payment checks shall be delivered to Plaintiffs' Counsel, Ria Julien, Julien Mirer & Associates, PLLC, 300 Cadman Plaza, 12th Floor, Brooklyn, New York 11201 via FedEx with tracking number.

## II.    **Fairness of the Proposed Settlement Agreement**

Parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 200 (2d Cir. 2015). Rather, the parties must satisfy the Court that their agreement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.,* 2015 WL 5915843, at *1 (S.D.N.Y. Oct. 7, 2015). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013).

"In determining whether the proposed settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky* v. *Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Sbc.*, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010). Here, the parties meet all five factors.

  *1.   The Settlement Amount Represents A Significant Amount Should Defendants' View of Disputed Facts Be Accepted At Trial and the Settlement Agreement Avoids Anticipated Burdens at Trial Due to the Litigation Risks Faced by the Parties*

The Proposed Settlement Agreement provides that Defendants shall pay Plaintiffs the total sum of Sixty-Seven Thousand Five Hundred Dollars ($67,500) for full resolution of the Plaintiffs' claims ("the Settlement Sum").

Plaintiffs have consented to the Settlement Amount after Court assisted mediation and thoroughly considering the inherent litigation risks. The Settlement Amount, reached through extensive negotiations facilitated by Your Honor and experienced legal counsel, is deemed a fair and reasonable resolution of the dispute, given the complexities and uncertainties associated with wage and hour litigation. Under the Cheeks' standard, we have considered the Plaintiffs' potential recovery, the ability of the settlement to mitigate anticipated litigation costs, the seriousness of litigation risks, and whether the settlement is the result of arm's-length bargaining between experienced counsel. Further, Plaintiffs submit the Proposed Settlement Amount is especially fair overall and in light of the risks set forth herein.

2. *Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses*

Second, settling the parties' claims at this point will avoid continuing litigation costs for both parties. *Wolinsky*, 900 F. Supp. 2d at 335. The settlement here falls within the range of potential recovery, considering possible damages, penalties, and interest. It allows the parties to avoid the uncertainties and costs of protracted litigation. The risks of further litigation are significant due to disputed facts and legal issues, including the complexities of wage and hour laws and potential defenses of the Defendants. The Settlement Amount is proportional to the strength of the Plaintiffs' case, considering these potential defenses. Therefore, the Settlement Agreement is fair and reasonable under the Cheeks standard. The Settlement Amount is fair and reasonable.

3. *The Settlement Agreement Avoids the Very Real Litigation Risks Faced by the Parties*

Third, the settlement accounts for the parties' respective risks in proceeding with the litigation. *Wolinsky*, 900 F. Supp. 2d at 335. There is a substantial disagreement between the parties regarding the Plaintiff's wage and hour allegations. The settlement represents the parties' effort to resolve these issues amicably and fairly through negotiations which were assisted by the Court, avoiding protracted legal proceedings. The Settlement Amount is deemed fair and reasonable, given the nature of the allegations, potential damages, and the costs and uncertainties of continued litigation.

4. *The Settlement Agreement is the Product of Arm's-Length Bargaining Between Experienced Counsel and No Collusion Has Occurred*

The terms of the Settlement Agreement were reached through arms'-length mediation with Your Honor and the Parties after engaging in significant investigation and due diligence regarding the merits of Plaintiffs' claims and the likelihood of success at trial. There is no doubt that the parties were informed about the strengths and weaknesses of their positions.

Plaintiffs have been represented by the firm attorneys Julien Mirer & Associates, PLLC, a three-person law firm practicing almost exclusively in federal employment litigation with a concentration on wage claims under FLSA and associated state laws in New York. Combined, Plaintiffs' attorneys have almost 30 years of experience in the almost exclusive prosecution of FLSA matters and over 60 years of combined experience concentrating in litigation matters generally. Specifically, Plaintiffs have been represented by partners Ria Julien and Jeanne Mirer who have handled complex employment litigation matters in the SDNY and EDNY brokered multi-party Collective Actions, in one case resulting in a seven-figure settlement. Given these arms'-length negotiations absence of collusion is also satisfied.

5. *The Factors Weigh In Favor of Settlement Approval*

All the above factors weigh in favor of settlement approval. Plaintiffs seek the Court's approval of the proposed settlement as fair to them in light of the totality of the circumstances. Further, at this stage in the litigation, Plaintiffs are not aware of the presence of any similarly situated employees employed by the settling Defendants who wish to join this matter as opt-in Plaintiffs under Rule 216(b). In addition, Plaintiffs are not coerced to settle this case. See *Cisneros*

*v. Schnipper Rest. LLC,* 2014 WL 67235, at *1 (S.D.N.Y. Jan. 8, 2014) (concerns about coercion "not as relevant when the plaintiffs no longer work for the Defendant.").

### 6. The Attorneys' Fees Are Reasonable and Should be Approved

In addition to reviewing the substantive fairness of the terms of the Proposed Settlement Agreement, the Court must also make a determination as to the fairness of the attorneys' fees proposed. *Penafiel v. Rincon Ecuatoriano, Inc.*, No. 15 Civ. 112 (PAE), U.S. Dist. LEXIS 160352 (S.D.N.Y. Nov. 30, 2015).

Plaintiffs have entered into a signed retainer agreement authorizing attorneys' fees to be paid on the basis of 33.33% of the gross settlement, plus costs. As the previously agreed fee of 33.33% is presumptively fair. See *Meza v. 317 Amsterdam Corp.*, No. 14-CV-9007 (VSB), 2015 U.S. Dist. LEXIS 166890 (S.D.N.Y. Dec 14, 2015) (holding "Courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases."). See also *WalMart Stores, Inc. v. Visa U.S.A., Inc*., 396 F.3d 96, 121 (2d Cir. 2005). Here counsel seeks an award of $22,500 (1/3 of $67,500 There is thus no question that an award of $22,500.00 is a reasonable amount given the time expended by counsel to achieve this result.

### 7. The Settlement Agreement Does Not Include Any Clauses Forbidden by Cheeks

Finally, the settlement also meets the guidelines set forth in *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015). *See also Gonzales v. Lovin Oven Catering of Suffolk, Inc*., 2015 WL 6550560 (E.D.N.Y. Oct. 28, 2015). Specifically, as prohibited by *Cheeks*, the instant settlement does not contain a confidentiality provision; the release agreed to by Plaintiffs only releases Defendants from claims relating to Plaintiffs' employment; and Plaintiffs' attorneys' fees are 33.33% of the total settlement, which is well within the range of recovery accepted routinely by the Court. Further, while the release agreed to by Plaintiffs is an employment release, and thus releases potential NYCHRL claims, the parties prefer to resolve all their disputes at this stage and employment releases are not per se improper under *Cheeks, supra.* See *Panganiban v. Medex Diagnostic & Treatment Ctr.*, No. 15-CV-2588(AMD)(LB), 2016 WL 927183, at *3 (E.D.N.Y. March 7, 2016) (allowing general release where settlement is "substantial" and the complaint also alleged Title VII claims).

### III. Conclusion

For the reasons stated herein, the parties submit that the executed Proposed Settlement Agreement is a fair and equitable resolution of a bona fide dispute between the Parties and that the proposed fees are appropriate in this case.

This Court's approval of the Proposed Settlement Agreement is an express condition of the settlement, and the Parties have agreed to take all steps necessary to dismiss the lawsuit with prejudice. The Parties respectfully request that the Court approve this settlement as fair and reasonable and enter the Stipulation of Dismissal with Prejudice attached hereto as Exhibit A to the Proposed Settlement Agreement (Exhibit I).

Respectfully submitted,

JULIEN MIRER & ASSOCIATES, PLLC       CLARK HILL

_Ria Julien_                                 _Regina E. Faul_

Ria Julien, Esq.                                 Regina E. Faul

Jeanne Mirer, Esq.                             1180 Avenue of Americas

Heather L. Ramirez, Esq.                     19th Floor, Suite 1910

Julien Mirer & Associates, PLLC             New York, New York 10036

300 Cadman Plaza West, 12th Floor         Telephone: (646)395-8588

Brooklyn, New York 11201                  Email: rfaul@clarkhill.com

Telephone: (212) 231-2235                 *Attorney for Defendants*

Email: rjulien@julienmirer.com

jmirer@julienmirer.com

*Attorney for Plaintiffs*